1
2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 02, 2023

SEAN F. McAVOY, CLERK

3
4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    UNITED STATES OF AMERICA,

8                           Plaintiff,          NO:  2:23-CR-2-RMP-2

9         v.                                    ORDER GRANTING IN PART
                                                DEFENDANT'S MOTION TO
10   JOHNATHAN ALLEN (2),                       DISMISS

11                          Defendant.          **U.S. Marshal Action Required**

12

13        BEFORE THE COURT is Defendant Johnathan Allen's Motion to Dismiss

14   with Prejudice for Violations of the Speedy Trial Act and Sixth Amendment Right to

15   Speedy Trial ("Motion to Dismiss").  ECF No. 320.  The Government opposed in its

16   response, ECF No. 332, and Defendant replied, ECF No. 340.

17        The Court heard oral argument on the motion on September 29, 2023.

18   Defendant, who is in custody, was present and represented by Criminal Justice Act

19   ("CJA") counsel Zachary Ayers.  Assistant United States Attorney David M. Herzog

20   represented the Government.  Having reviewed the parties' filings and exhibits,

21   ///

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 1

heard the argument presented at the hearing, and reviewed the relevant law, the Court is fully informed.

## BACKGROUND

Defendant was charged by indictment on January 4, 2023, with one count of Distribution of 50 Grams Actual (Pure) Methamphetamine on October 27, 2022, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), 18 U.S.C. § 2, and one count of Felon in Possession of a Firearm on October 28, 2022, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  ECF No. 17.  Three codefendants were charged along with Defendant.[1]  ECF No. 17.  On May 2, 2023, Defendant and the same three codefendants were charged by superseding indictment.  ECF No. 120.  Count One charges Defendant with Conspiracy to Distribute 50 Grams of Actual (Pure) Methamphetamine on October 27, 2022, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(A)(viii), 846; Count Two charges Defendant with Distribution of 50 Grams or More of Actual (Pure) Methamphetamine on October 27, 2022, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 18 U.S.C. § 2; Count Six charges Defendant with Felon in Possession of a Firearm on October 28, 2022, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8); and Count Seven charges Defendant with Felon in Possession of a Firearm on February 7, 2023, in violation of 18 U.S.C. §§ 922(g)(1),

---

[1] Codefendants Quinton A. Brown, Austin W. Watson, and Joshua Fisher opted out of this Motion.  ECF Nos. 337, 343, and 344.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 2

924(a)(8).  ECF No. 120.

Trial for Defendant was set for April 10, 2023.  ECF No. 68.  On February 19, 2023, Defendant waived his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, from April 10, 2023, until June 5, 2023, and his trial was continued until June 5, 2023.  ECF Nos. 76 and 78.  Seven of Defendant's pretrial motions were pending from May 2, 2023, ECF Nos. 110–116, until June 12, 2023, ECF No. 255.  Defendant's Motion to Dismiss for Grand Jury Abuse was pending from June 2, 2023, when it was filed, until July 14, 2023.  ECF No. 296.

During a hearing on June 2, 2023, the Court orally continued Defendant's trial from June 5, 2023, until October 2, 2023.  ECF No. 253.  The Court memorialized its ruling in an order filed on June 12, 2023.  *Id*.  The order notes that the continuance was based on: "(1) the denial of the Motion to Sever; (2) the anticipated briefing and hearing schedule for, and the anticipated disposition on, Defendant Allen's newly filed pretrial motion; and (3) finding that failure to grant a continuance would deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id*. at 2.  The Court further noted that both Defendant Allen and the Government agreed to the continuance.  *Id*.  The Court found that the time from Defendant's trial date of June 5, 2023, to the new trial date of October 2, 2023, was excluded for Speedy Trial calculations pursuant to 18 U.S.C. § 3161(h)(7).  *Id*. at 2, 9.  Defendant did not file a waiver of his Speedy Trial rights for this continuance.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 3

On September 25, 2023, Defendant Allen filed the present motion, seeking to dismiss with prejudice the indictment and superseding indictment due to Speedy Trial Act and Sixth Amendment Speedy Trial violations.  ECF No. 320.  As Defendant Allen's three codefendants have filed waivers opting out of this motion, ECF Nos. 337, 343, and 344, the Court will analyze the motion only regarding Defendant Allen.

### LEGAL STANDARD

The Speedy Trial Act requires that a defendant be brought to trial "within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  In a multi-defendant case, the Speedy Trial clock starts running after the indictment or arraignment of the last defendant.  *See* 18 U.S.C. §§ 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."); *United States v. Morales*, 875 F.2d 775, 776 (9th Cir. 1989) (stating that if several defendants are joined, the 70-day limit is measured from the date that the last codefendant is arraigned).

///

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 4

Upon the filing of a superseding indictment, the Speedy Trial clock does not restart when the superseding indictment charges the same offenses as the original indictment. *See United States v. Karsseboom*, 881 F.2d 604, 606–07 (9th Cir. 1989); *United States v. Clymer*, 25 F.3d 824, 827 n.2 (9th Cir. 1994) ("When a superseding indictment contains charges which, under double-jeopardy principles, are required to be joined with the original charges, Speedy Trial Act calculations begin from the date of the original indictment (or initial appearance)."). The clock restarts for new charges in a superseding indictment that are not required to be joined with the original charges. *See United States v. Thomas*, 726 F.3d 1086, 1091 (9th Cir. 2013).

The Speedy Trial Act provides for two relevant excludable periods during which the Speedy Trial clock does not run. 18 U.S.C. §§ 3161(h). First, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded. 18 U.S.C. §§ 3161(h)(1)(D). Second, the Court can exclude any "delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §§ 3161(h)(7)(A). To exclude time based on a finding that the ends of justice are served, the Court must "set[] forth, in the record of the case,

///

either orally or in writing, its reasons for" such finding.  18 U.S.C. §

3161(h)(7)(A).

To grant an "ends of justice" continuance, the continuance must be both (1) "specifically limited in time" and (2) "justified [on the record] with reference to the facts as of the time the delay is ordered." *United States v. Jordan*, 915 F.2d 563, 565–66 (9th Cir. 1990).  The district court "must conduct an appropriate inquiry to determine whether the various parties actually want and need a continuance, how long a delay is actually required, what adjustments can be made with respect to the trial calendars or other plans of counsel, and whether granting the requested continuance would 'outweigh the best interest of the public and the defendant[s] in a speedy trial.'" *United States v. Lloyd*, 125 F.3d 1263, 1269 (9th Cir. 1997) (quoting 18 U.S.C. 3161 § (h)(8)(A)).

"[T]he Speedy Trial Act places the burden directly on the district court to conduct whatever factual inquiry is necessary to determine for itself whether the parties require—or even desire—any continuance at all, and, if so, whether the reasons for granting such a continuance are sufficient to 'outweigh the best interest of the public and the defendant[s] in a speedy trial.'" *Lloyd*, 125 F.3d at 1269–70. The defendant bears the burden to show that a Speedy Trial Act violation has occurred and that a dismissal should be granted. 18 U.S.C. § 3162(2).

///

///

## DISCUSSION

Defendant argues that the time from July 12, 2023, (Defendant's detention hearing on Defendant's Motion to Furlough) until October 2, 2023, was not excludable time under the Speedy Trial Act because the reasons for the exclusion were not explicitly stated either in the Court's pretrial order on June 12, 2023, ECF No. 253, or orally during the hearing on June 2, 2023. ECF No. 320 at 11. Defendant further appears to argue that, even if the Court determines that the reasons for exclusion were stated, they did not meet the "ends of justice" requirement under 8 U.S.C. §§ 3161(h)(7)(A). Based on the alleged Speedy Trial Act violation, Defendant argues for dismissal with prejudice. ECF No. 320.

Defendant's motion also refers to a claim of a Sixth Amendment Speedy Trial Violation, but Defendant did not include any argument or authority regarding a Sixth Amendment violation in his motion. ECF No. 320. Nonetheless, the Court will consider both the Speedy Trial Act and the Sixth Amendment in determining whether there has been a violation.

### *Speedy Trial Act*

The Court must first determine when the Speedy Trial clock began. The original indictment was filed January 4, 2023, ECF No. 17, and the superseding indictment was filed May 2, 2023, ECF No. 120. The superseding indictment included the two original charges for Defendant and added two new charges for Defendant. ECF No. 120. The new charges began their own clock, while the

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 7

original charges retained the original clock. *See Karsseboom*, 881 F.2d at 606–07; *Thomas*, 726 F.3d at 1091. For the original indictment, codefendant Watson was last to be arraigned, on March 7, 2023. ECF No. 85. For the superseding indictment, codefendants Fisher and Watson were the last to be arraigned, on May 9, 2023. ECF Nos. 183 and 184. Therefore, the Speedy Trial clock began for all defendants on March 7, 2023, for the charges on the original indictment, and on May 9, 2023, for the new charges in the superseding indictment.

Defendant contends that, as of September 22, 2023, 72 days had elapsed on the Speedy Trial clock, and that, by the time of trial on October 2, 2023, 82 days will have elapsed. ECF No. 320 at 15–16. Defendant arrives at this calculation by finding the time from July 12, 2023[2], until October 2, 2023, not excludable from

---

[2] Defendant refers to July 12, 2023, because Defendant filed a Motion to Re-Open Detention Proceedings and Furlough Him into Inpatient Treatment on July 7, 2023, and the hearing for that motion occurred on July 12, 2023. ECF Nos. 293 and 297. An order denying the motion was filed on July 20, 2023. ECF No. 297. Defendant argues that once a hearing on a motion occurs, the Speedy Trial clock restarts. Thus, Defendant argues that July 12, 2023, is the relevant starting date for the Speedy Trial violation calculation. However, Defendant is incorrect that the clock restarts after the hearing; it restarts after the court rules on the motion. *See United States v. Medina*, 524 F.3d 974, 979 (9th Cir. 2008) ("[I]f a pretrial motion . . . requires a hearing, a district court must exclude the following periods of delay: (i) the period from the date the motion was filed to the conclusion of the hearing; (ii) the period from the conclusion of the hearing until the date the district court 'receives all the submissions by counsel it needs to decide that motion;' and (iii) the period from the last day of the period described in (i) or (ii), as applicable, until the court rules on the motion, but no more than 30 days.") (citing *Henderson v. United States*, 476 U.S. 321 (1986)). Further, Defendant's Motion for Grand Jury abuse was also pending from June 2 until July 14, 2023. ECF No. 296.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 8

the seventy-day Speedy Trial clock. *Id*. at 11. First, Defendant argues that the Court did not set forth, either orally or in writing, its reasons for finding that the ends of justice were served in continuing Defendant's trial from June 5, 2023, until October 2, 2023, as required to exclude the time from the Speedy Trial clock. *Id*. at 11–16. Further, Defendant argues that, even if the reasons were set forth, the ends of justice were not satisfied. *Id*. at 16–18.

If the time between the trial scheduled for June 5, 2023, and the new trial date of October 2, 2023, were not excluded, and the Speedy Trial clock was proceeding during this time, more than seventy days would have elapsed, and there would be a violation of the Speedy Trial Act. Therefore, the Court will first address whether the Court sufficiently articulated its basis for finding the ends of justice were served in granting the continuance to October 2, 2023.

The Government argues that defense counsel waived Defendant's Speedy Trial rights during the hearing on June 2, 2023, by agreeing to the continuance of trial until October 2, 2023. ECF No. 332 at 2. The Government further argues that the Court made the necessary findings in its subsequent order, where it stated: "At the hearing, Defendant Allen and the Government agreed to continuing trial to the new date of October 2, 2023." *Id*. at 6 (quoting ECF No. 253 at 2). The Government argues that defense counsel's agreement to the continuance was sufficient without any showing of the client's explicit consent. *Id.* at 7. The Government cites *New York v. Hill*, 528 U.S. 110 (2000), for the contention that

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 9

defense counsel can waive Defendant's Speedy Trial rights without Defendant's consent. *Id*. The Government further cites *United States v. Hallock*, 454 F. App'x 545 (9th Cir. 2011), an unpublished Ninth Circuit case, to argue that the Ninth Circuit has analyzed allegations of Speedy Trial violations based on the rationale in *Hill*. ECF No. 332 at 7.

In Defendant's reply, defense counsel refutes the contention that he agreed to a continuance. ECF No. 340 at 1. Rather, defense counsel indicates that he was simply responding to the Court's *sua sponte* inquiry regarding scheduling availability. *Id*. at 1–2.

The Court in the *Hill* case analyzed a delay under the Interstate Agreement on Detainers, and the Court specifically noted that "the question of waiver under the Speedy Trial Act is not before us today, and we express no view on the subject." 528 U.S. at 117 n.2. Further, the Government places too much significance on the *Hallock* case. In *Hallock*, the Court noted, but did not hold, that the Speedy Trial Act allows a court to grant a continuance "'at the request of the defendant or his counsel,' suggesting the defendant's express consent is not required before one can be granted." 454 Fed. Appx. at 547. Here, Defendant is arguing that the continuance resulted in a violation of his Speedy Trial rights, because the Court did not conduct a sufficient finding that the ends of justice were met, and Defendant did not consent to the continuance.

///

Moreover, while defense counsel may have been understood to have consented to the continuance of trial until October 2, 2023, defense counsel's consent alone is insufficient to exclude the time from the Speedy Trial clock. *See United States v. Tanh Huu Lam*, 251 F.3d 852, 858 (9th Cir. 2001) (stating that, "in virtually all of the cases where we have denied a speedy trial claim on the ground that defense counsel acquiesced in the trial delays, the defendant himself expressly agreed to the continuances or stipulated to the factual bases underlying the requests"). The Court acknowledges that it may have misconstrued defense counsel's acquiescence to an October 2, 2023, trial date as an agreement to the continuance. More importantly, Defendant himself did not expressly agree to the continuance or sign a Speedy Trial waiver; indeed, Defendant has asserted his Speedy Trial rights repeatedly throughout this case. *See, e.g.,* ECF No. 320-1 at 12.

Even if defense counsel and Defendant had waived Speedy Trial rights until October 2, 2023, the Court still must find that the ends of justice are met to exclude such time from the Speedy Trial clock. *See Zedner v. United States*, 547 U.S. 489, 500 (2006) ("Instead of simply allowing defendants to opt out of the [Speedy Trial] Act, the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h). . . . The purposes of the Act also cut against exclusion on the grounds of mere consent or waiver."). This is because the Act was designed not only with the defendant's interests in mind, but also "with the public interest firmly in mind." *Id*. at 501. Therefore, the Government's

argument that defense counsel's purported agreement to an October 2, 2023, trial date was a waiver of Defendant's Speedy Trial rights does not resolve the issue. Rather, the relevant inquiry is whether the Court satisfied one of the specific exclusions set out in subsection (h) of the Speedy Trial Act.

To grant an "ends of justice" continuance, the continuance must be both (1) "specifically limited in time" and (2) "justified [on the record] with reference to the facts as of the time the delay is ordered." *Jordan*, 915 F.2d at 565–66. Here, during the hearing on June 2, 2023, the Court proposed a trial date of October 2, 2023, to accommodate the most recent defense motion that had been filed, allowing for full briefing and a potential hearing on the motion. ECF No. 320-1 at 19–20. Defense counsel and the Government indicated the new October trial date would work for their schedules. *Id*. However, the Court did not specifically explain why a length of four months was required, and there was no mention of the ends of justice. Further, Defendant did not sign a Speedy Trial waiver or expressly waive his Speedy Trial rights.

On June 12, 2023, the Court filed a pretrial order that put the continuance in writing. ECF No. 253. The order notes that the continuance was based on "(1) the denial of the Motion to Sever; (2) the anticipated briefing and hearing schedule for, and the anticipated disposition on, Defendant Allen's newly filed pretrial motion; and (3) finding that failure to grant a continuance would deny the parties the reasonable time necessary for effective preparation, taking into account the

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 12

exercise of due diligence." ECF No. 253 at 2. The Court further noted that both

Defendant Allen and the Government agreed to the continuance. ECF No. 253 at

2. The Court then stated that "the Court finds that the ends of justice served by

ordering a continuance of proceedings in this matter outweigh the best interests of

the public and Defendants' right to a speedy trial, pursuant to 18 U.S. C. §

3161(h)(7)(A)." *Id*.

This analysis by the Court may be deemed insufficient to satisfy the

requirement under 18 U.S.C. § 3161(h)(7)(A), particularly in light of Defendant's

repeated assertion of his Speedy Trial rights in this case. *See, e.g.,* ECF No. 320-1

at 12. In *Lloyd*, the Ninth Circuit found a violation of a defendant's Speedy Trial

Act rights because (1) the district court simply recited a scheduling conflict on a

single day as a basis for the continuance; (2) the district court conducted no

independent inquiry and made no attempt to verify statements made by one

counsel about other counsels' schedules; and (3) the district court did not

determine whether any scheduling conflicts that did exist could be resolved

without unduly delaying trial. 125 F.3d at 1269. Similarly, here, the Court did not

conduct further inquiry or analysis into whether the four-month continuance was

necessary, beyond simply noting some additional time was needed due to the

recently filed motion. ECF No. 253 at 2. Because the Court did not analyze the

ends of justice factors under 18 U.S. C. § 3161(h)(7)(B), the time that elapsed from

///

June 5, 2023,[3] until October 2, 2023, during the continuance arguably should not be excluded from the Speedy Trial clock, and, therefore, Defendant's rights under the Speedy Trial Act were violated.

In all likelihood, the continuance may have satisfied the ends of justice if the Court had set forth its reasons more clearly.  Defendant had filed a Motion to Dismiss for Grand Jury Abuse on June 2, 2023, the day of the pretrial conference on June 2, 2023, and three days before the scheduled trial on June 5, 2023.  ECF No. 239.  The failure to grant the continuance in the face of a such timing likely would have resulted in a "miscarriage of justice." 18 U.S.C. § 3161(h)(7)(A)(i). However, because the Court did not set forth the reasons for its finding clearly, the Court concludes that there was a violation of Defendant's Speedy Trial rights.

### Sixth Amendment

Although Defendant did not make a Sixth Amendment argument in his brief, the Court will address the claim, because it is referenced in Defendant's motion.  To

---

[3] The Court uses the date of June 5, 2023, because that is the date that the trial was scheduled until it was continued to October 2, 2023, and that is the large delay at issue here for Speedy Trial calculations.  However, the Court notes that some time between June 5, 2023, and October 2, 2023, is excludable due to Defendant's pending pretrial motions.  18 U.S.C. § 3161(h)(1)(D).  Defendant had pretrial motions pending from May 2, 2023, until June 12, 2023, and from June 2, 2023, until July 14, 2023.  ECF Nos. 110–116, 255.  While these motions exclude some time during this continuance on the speedy trial clock, they arguably do not exclude sufficient time to prevent a Speedy Trial Act violation.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 14

determine whether a post-indictment delay violates a defendant's Speedy Trial rights under the Sixth Amendment, the Court considers (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Court first considers whether the length of delay is "presumptively prejudicial" as a triggering mechanism. *Id*. An inquiry into the other factors is necessary only if the length of delay is "presumptively prejudicial." *Id*. Whether the length of delay is "presumptively prejudicial" depends on the circumstances of the individual case. *Id*. at 530–31. The Ninth Circuit has held that "courts generally have found that delays approaching one year [from the time of indictment to the time of trial] are presumptively prejudicial." *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003). There is a general consensus among the courts of appeals that an eight-month delay is the threshold minimum. *See id*. at 1162 n.3.

Here, the amount of time lapsed from the original indictment to the scheduled trial of October 2, 2023, is approximately nine months; from the superseding indictment to the scheduled trial, the delay is five months. Although neither amount is approaching one year, in an abundance of caution, the Court will analyze the remaining factors.

The second factor regarding the reason for the delay weighs in favor of no violation, because the delay was due, at least in part, to resolving numerous motions filed by Defendant. The delay of four months was based in part to allow for proper

briefing, a potential hearing, and a ruling on Defendant's Motion to Dismiss for Grand Jury Abuse that had been filed on June 2, 2023, three days before the trial was scheduled to begin, which weighs against a violation of Defendant's Sixth Amendment rights. The third factor likely weighs in favor of Defendant, because he did assert his rights to a speedy trial multiple times and refused to sign waivers when his codefendants did.

Finally, the Court considers whether there was actual prejudice to Defendant as a result of the delay. Actual prejudice is demonstrated by "oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the [accused's] defense will be impaired." *Doggett v. United States*, 505 U.S. 647, 654 (1992). Although Defendant has been incarcerated pending trial, and the Court assumes an amount of anxiety and concern relating to waiting for trial, the Court finds that this factor does not weigh heavily in favor of Defendant, especially as Defendant received new charges in the Superseding Indictment that was filed on May 2, 2023, and started a new Speedy Trial calculation. While Defendant argues that he suffered prejudice because the Government was given more time to bolster their case, ECF No. 318 at 19, there is no evidence that the Government intentionally delayed trial just to bolster its case, and Defendant was, at least theoretically, similarly able to bolster his case during the delay. Moreover, Defendant has not alleged any harm to his defense due to the delay, such as witnesses becoming unavailable or fading memories, and this Court is not aware of any such harms.

Because of the relatively short delay, and the fact that the delay was largely due to Defendant's filings of motions that needed to be resolved pretrial, and the lack of prejudice to defendant's defense, the Court finds no Sixth Amendment violation.

### *Dismissal With or Without Prejudice*

Having found a Speedy Trial clock violation, the Court must determine whether to dismiss with or without prejudice. The Court considers the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of Speedy Trial Rights and on the administration of justice. 18 U.S.C. § 3162(a)(2). Defendant appears to focus solely on prejudice to Defendant under the second factor in its argument for dismissal with prejudice. ECF No. 320 at 19–20.

The Court will address each factor in turn. First, the Court agrees with the Government that Defendant's offense is serious. Defendant is charged with distribution of significant amounts of methamphetamine and being a felon in possession of firearms. ECF No. 120. This factor weighs in favor of dismissing without prejudice.

Second, the Court agrees with the Government that the facts and circumstances leading to this violation and dismissal were primarily based on the time required to resolve many motions filed by Defendant. Further, similar to the violation in *United States v. Medina*, the violation here of the Speedy Trial Act was

a technical one.  *See* 524 F.3d 974, 981–82 (9th Cir. 2008) ("the continuances that contributed to the Speedy Trial Act violation had been granted for reasons that would have met the criteria of 3161(h)(8)(B) (providing reasons a continuance might serve the 'ends of justice'), but the court and the parties had failed to document that the continuances met such criteria.").  Had the Court conducted and memorialized a more thorough analysis of the ends of justice when it continued Defendant's trial, the criteria for excluding the time likely would have been satisfied.  Although certainly any delay of trial has a significant effect on a defendant, particularly a defendant who is detained, like Defendant is here, the amount of delay here was not extreme.[4]  The Court finds that this factor weighs in favor of dismissing without prejudice.

Finally, the impact of reprosecution favors dismissal without prejudice. Although all parties and the Court are mindful of Speedy Trial Act violations and the need to make appropriate ends of justice findings, this technical failure alone does not merit dismissal with prejudice.  Dismissal itself is the appropriate remedy for the violation of Defendant's Speedy Trial rights. There is no evidence of bad faith on behalf of any party in this violation.  Both parties and the Court are ready to proceed

---

[4] Although in his Motion to Dismiss, Defendant requests to proceed with trial on October 2, 2023, this Court finds that the violation of the Speedy Trial Act requires a dismissal, and, therefore, trial cannot procced on October 2, 2023, as Defendant requests in his motion.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 18

to trial, and reprosecution will not harm the administration of justice, merely delay when the trial begins. Thus, the Court will dismiss the indictment and superseding indictment as against Defendant Allen without prejudice.

Upon granting a motion to dismiss for a violation of the Speedy Trial Act, the Court "may order the defendant to be released or detained under 18 U.S.C. § 3142 for a specified time until a new indictment or information is filed." Fed. R. Crim. P. 12(g). Section 3142, 18 U.S.C., allows a Court to order that the defendant be (1) released on personal recognizance or upon execution of an unsecured appearance bond; (2) released on a condition or combination of conditions; (3) temporarily detained; or (4) detained. This decision is based on considerations of whether release will reasonably assure the appearance of the person as required, and whether it will endanger the safety of any other person or the community. The Court is to consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Magistrate Judge conducted a lengthy analysis of these factors in his order on February 21, 2023, detaining Defendant. ECF No. 79. The Court agrees with the entirety of the Magistrate Judge's analysis and will emphasize only a few aspects here. As noted in the Magistrate Judge's order, there is a rebuttable

presumption of detention where, as here, the charges include an offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, for which the maximum penalty is ten years or more in prison.  *See* ECF No. 79 at 3.  Further, Defendant has a long criminal history that includes "convictions for first degree robbery, theft, promoting prostitution, possession of weapons 'capable of producing harm,' false statements to a public servant, fourth degree assault (two separate convictions), possession of a dangerous weapon, controlled substances possession (two separate convictions), resisting arrest, obstructing a law enforcement officer, [and] unlawful possession of a firearm, . . ."  ECF Nos. 64[5] at 3–6; 79 at 5. Defendant has failed to appear for approximately seven prior court proceedings, indicating an inability (or refusal) to comply with orders from courts.  ECF Nos. 64 at 3–6; 79 at 5.  Therefore, like the Magistrate Judge, this Court finds that "no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and . . . no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released."  ECF No. 79 at 7.

///

///

---

[5] ECF No. 64 is the Defendant's Pretrial Services Report, which is not on the public docket.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 20

Accordingly, the Court orders Defendant to be temporarily detained until November 1, 2023, during which time the Government may seek a new indictment against Defendant or otherwise resolve this case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss with Prejudice for Violations of the Speedy Trial Act and Sixth Amendment Right to Speedy Trial, **ECF No. 320,** is **GRANTED IN PART and DENIED IN PART**.

2. The Indictment filed on January 4, 2023, ECF No. 17, and the Superseding Indictment filed on May 4, 2023, ECF No. 120, are **DISMISSED WITHOUT PREJUDICE** as against Defendant Allen for violations of the Speedy Trial Act.

///

///

///

///

///

///

///

///

///

///

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 21

3.  All other pending pretrial motions, if any, are **DENIED AS MOOT**.

4.  All previously set court dates, including the trial date, are **STRICKEN**.

5.  Defendant shall remain detained until November 1, 2023, during which time the Government may seek a new indictment against Defendant or otherwise resolve this case.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel for the Government, the USMS, and all defendants.

**DATED** October 2, 2023.


_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge